UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARFEEN MUSTAFA,

    Plaintiff,

vs.

COUNTRYWIDE HOME LOANS, INC.,
BAC HOME LOANS SERVICING,
GMAC MORTGAGE LLC and
FEDERAL NATIONAL MORTGAGE ASS'N,

    Defendants.
_____/

Civil Action No.
09-CV-12238

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING DEFENDANT
## FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO DISMISS

This matter is presently before the court on the motion of defendant Federal National Mortgage Association ("FNMA") to dismiss. Plaintiff has filed a response brief and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

Plaintiff alleges that in May 2006 he obtained two mortgage loans to finance the purchase of a $550,000 home in Plymouth, Michigan. Plaintiff "obtained a junior loan and senior loan from Defendant Countryside and Defendant GMAC in the amounts of $417,000.00 and $69,000.00, respectively." Second Amended Complaint ("SAC") ¶ 11. Defendant FNMA, the only defendant remaining in this case,[1] is the current owner of the larger loan. Plaintiff alleges "[t]he loans were improper and resulted from Defendants' violations of state and federal law" in that (a)

---

[1] Plaintiff has voluntarily dismissed the complaint as to defendants BAC Home Loans Servicing and Countrywide Home Loans, Inc. [docket entry 11]. The court has dismissed the complaint as to defendant GMAC because plaintiff failed to serve this defendant within 120 days after commencing suit [docket entry 18].

"Defendants inflated Plaintiff's monthly income on the loan application" and (b) "Plaintiff paid more than all of his net income in mortgage payments and other debt payments as a direct result of the loan transaction." *Id.* ¶¶ 13, 14, 19.  Plaintiff alleges he "has now missed several mortgage payments, and can no longer afford to make any payments towards his ill-begotten mortgage loan." *Id.* ¶ 25.          Plaintiff asserts four claims based on state law[2] and the following two claims based on federal law:  violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 (Count I), and violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.* (Count III).  Defendant Countrywide Home Loans, Inc., removed the case from state court based on the presence of these federal claims.

In the motion now before the court, defendant FNMA seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  In deciding such a motion, the court

> must construe the complaint in the light most favorable to Plaintiff, accept all well-pleaded factual allegations as true, and determine whether Plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle it to relief. . . . Yet, to survive a motion to dismiss, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* While the factual allegations in the complaint need not be detailed, they "must be enough to raise a right to relief above the speculative level"-they must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

---

[2] These claims are: predatory lending (Count II), fraudulent misrepresentation (Count IV), negligent misrepresentation (Count V), and violation of the Mortgage Brokers, Lenders, and Servicers Licensing Act, Mich. Comp. Laws §§ 445.1651, *et seq.* (Count VI).  Plaintiff has voluntarily dismissed all of these claims except Count V.

*Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 Fed.Appx. 826, at *3 (6th Cir. 2009).

Defendant argues that plaintiff's HOEPA and TILA claims are time-barred. These claims are based on the following allegations in the SAC:

> 29. Plaintiff incorporates all previous allegations by reference as if fully restated herein.
>
> 30. Defendants have violated 15 USC § 1639(h) which provides that:
>
>> A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.
>
> 31. By extending credit to Plaintiff without regard to his ability to repay the debt, Defendants have violated 15 USC § 1639(h).
>
> 30. As a result, Plaintiff has suffered damages.
>
> 31. Plaintiff hereby invokes his right to rescind the transactions at issue in this litigation.
>
> \*   \*   \*
>
> 43. Defendants provided false interest rate, fee and/or monthly payment disclosures in connection with the closing of the mortgage loan transaction on the Property, in violation of the Truth in Lending Act.
>
> 44. Plaintiff did not discover, and could not discover, Defendants' violations of the Truth in Lending Act because the documents provided to Plaintiff were seriously misleading.
>
> 45. Thus, Plaintiff's claims under the Truth in Lending Act are subject to tolling.
>
> 46. In addition, Defendants did not provide Plaintiff with a Notice of Right to Cancel, contrary to the mandates of the Truth in Lending Act.

>47. As a result of Defendants' violations of the Truth in Lending Act, Plaintiff has been damaged.

Defendant notes that these claims are subject to the limitations period prescribed by 15 U.S.C. § 1640(e), which permits an action to be brought "within one year from the date of the occurrence of the violation." In the present case, the alleged violations were that defendants overstated plaintiff's income, provided plaintiff with "false interest rate, fee and/or monthly payment disclosures in connection with the closing of the mortgage loan transaction," and did not provide him with a notice of right to cancel. The one-year limitations period begins to run upon consummation of the transaction, which in this context means the closing of the loan. *See Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F. Supp.2d 1034, 1039 (D. Colo. 2008); *Tucker v. Beneficial Mortgage Co.*, 437 F. Supp.2d 584, 589-90 (E.D. Va. 2006). In the present case, the loan at issue was closed on May 26, 2006. Plaintiff filed the instant complaint in Washtenaw County Circuit Court on May 13, 2009, approximately three years later, or approximately two years after the limitations period expired.

In response, plaintiff argues that the limitations period either has not run or is subject to equitable tolling. Clearly, the one-year limitation did expire before plaintiff commenced suit. In support of his alternative argument, plaintiff suggests that the court should not rule on the issue of equitable tolling until after he has conducted some discovery.

Plaintiff overlooks the fact that "the fraudulent act(s) that provide the factual predicate for the claim, i.e. inaccurate loan documents, cannot also satisfy the factual predicate justifying equitable tolling." *In re Cmty. Bank of N. Va.*, 467 F. Supp.2d 466, 479 (W.D. Pa. 2006). *Accord Jones v. Saxon Mortgage, Inc.*, 980 F. Supp. 842, 846 (E.D. Va. 1997). In the present case, plaintiff impermissibly relies on the same alleged misrepresentations to support his equitable tolling

4

argument as he does to support the HOEPA and TILA claims themselves. Moreover, equitable tolling applies in a case such as this only if "plaintiff demonstrates that: '(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence.'" *Mills v. EquiCredit Corp.*, 294 F. Supp.2d 903, 908 (E.D. Mich. 2003) (*quoting Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir.1992)). Plaintiff neither alleges nor offers facts to suggest that defendant took any steps to conceal his cause(s) of action or that he could not have discovered the cause(s) of action themselves through the exercise of due diligence. To the contrary, plaintiff bases these claims largely on his *own statement* regarding his income – a statement he himself certified, by signing the loan application, to be "true and correct." To the extent plaintiff's claims are based on defendant's alleged misstatements regarding the interest rate, fees, or his monthly payments, or defendant's failure to provide him with a cancellation notice, plaintiff does not explain why he could not have discovered the errors simply by looking at the loan documents. *See Mills*, 294 F. Supp.2d at 909 (declining to equitably toll the limitations period because "[b]y exercising due diligence, Plaintiffs could have discovered the terms of the loans by reading the loan documents"). Under these circumstances, there is no basis for tolling the limitations period.[3] The court concludes that plaintiff's HOEPA and TILA claims are time-barred and shall dismiss them on this basis.

---

[3] Plaintiffs' citation to such cases as *Foster v. EquiCredit Corp.*, 2001 WL 177188 (E.D. Pa. Jan. 26, 2001), is inapposite. In that case, the court found that the one-year limitations period of § 1640(e) was equitably tolled based on alleged misconduct committed by defendant after the closing. The court apparently believed "actively mislead the plaintiff respecting the plaintiff's cause of action." *Id.* at *2. No such post-closing misleading statements are alleged in the present case. In fact, plaintiffs do not allege that defendants took any action to conceal any of the alleged misstatements or omissions.

Plaintiff's only remaining claim, for negligent misrepresentation (Count V), is based on the following allegations in the SAC:

> 58. Plaintiff incorporates all previous allegations by reference as if fully restated herein.
>
> 59. Defendants as the mortgagee, stood to benefit from the Plaintiff entering into the Note and Mortgage on the Property.
>
> 60. The resulting business relationship between the parties gave rise to a duty of care on the part of Defendants to Plaintiff.
>
> 61. Defendants prepared the information relating to the values of the Property, payment amounts on the Notes and Mortgages, whether Plaintiff could refinance or sell the Property and closing costs without reasonable care as to their truth or falsehood.
>
> 62. Plaintiff justifiably relied on said information to his detriment, suffering damages.

Both parties cite *Law Offices of Lawrence J. Stockler, P.C. v. Rose*, 174 Mich. App. 14, 33 (1989), for its statement that negligent misrepresentation "requir[es] proof that a party justifiably relied to his detriment on information provided without reasonable care by one who owed the relying party a duty of care."  Defendant FNMA argues that plaintiff's allegations fail to state a claim because it was not involved in preparing any of the loan documents at issue but rather, as the SAC acknowledges in ¶ 12, FNMA is merely the assignee of the originating lenders.  Plaintiff's response does not address this argument, but simply asserts that "FNMA misrepresented the terms of the loan, including the amount of Plaintiff's payment obligations, the property value, and whether Plaintiff could refinance."  Pl.'s Resp. at 12.

Plaintiff has failed to allege that FNMA had anything to do with the loan documents or that FNMA made any representations of any kind in connection with his mortgage loans.  The note and mortgage securing the $417,000 loan, which are referenced in the SAC and attached to

defendant's motion, identify the lender as GreenPoint Mortgage Funding, Inc.  This claim fails because plaintiff does not identify a single representation made by FNMA in connection with this loan.   Reliance is also inadequately pled for the reasons indicated above.  Accordingly,

        IT IS ORDERED that defendant FNMA's motion to dismiss is granted.

        S/Bernard A. Friedman
        Bernard A. Friedman
        United States District Judge

Dated:  October 23, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 23, 2009, by electronic and/or ordinary mail.

        S/Carol Mullins
        Case Manager